IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN PATRICK, 12079595,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    No. 3:12-CV-4690-N |
| | ) |
| SUZZANNE V. TENORIO, ET AL.,<br>    Defendants. | )<br>) |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are Texas Department of Criminal Justice ("TDCJ") employees Suzzanne Tenorio, Kelle Wallace and Robert Kane, Jr.

Plaintiff states he was diagnosed with sciatic pain in March, 2012. He claims Defendants denied him adequate pain medication, an MRI, a request to see a medical specialist and soft-soled shoes for his sciatic pain. He also states Defendants improperly require indigent prisoners to pay a yearly $100 co-pay for medical services. He seeks money damages and injunctive relief.

## SCREENING

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

The court shall review . . . as soon as practicable after docketing, a complaint in a civil

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -1-

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**1.      Medical Care**

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff submitted copies of his grievances. It shows he was seen by medical personnel for sciatic pain on March 29, 2012, April 9, 2012 and May 14, 2012. (Pet. Mem. at 30,31.) He was seen at Parkland Hospital on November 19, 2012, after complaining about neck and back pain. (Reply Ex.) He was prescribed naproxen for pain. (Pet. Mem. at 32, 37, 42 59-61.) When he complained of constipation allegedly caused by the naproxen, Nurse Tenorio gave him the option of taking a non-aspirin pain reliever. (*Id*. at 37.) He filed grievances stating he needed the pain reliever Tramadol and muscle relaxers, but Nurse Tenorio responded that he did not meet the medical criteria for Tramadol and that Tramadol can also cause constipation. (*Id*.) Defendants also responded that muscle relaxers were not medically indicated for degenerative disk disease. (*Id*. at 32.) Plaintiff was prescribed a laxative for the constipation and was later prescribed the anti-inflammatory Meloxicam. (*Id*. at 46, 59-61.) Defendants also responded that soft-soled shoes were not medically indicated for sciatic pain. (*Id*. at 36, 38, 54.) Further, although Defendants determined an MRI was not medically necessary, Plaintiff did receive x-rays. (*Id*.)

Plaintiff has failed to establish that Defendants were deliberately indifferent to his medical needs. Plaintiff disagrees with the type of treatment he received. A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g. Estelle*, 429 U.S. at 107-108; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard* 590 F.2d 105, 107 (5th Cir. 1979). Petitioner's claims should be dismissed.

## 2. Medical Co-Pay

Plaintiff states prisoners must pay a $100 co-pay for medical services. He states this policy is unlawful.

Section 501.063 of the Texas Government Code reads as follows:

(a)(1) An inmate confined in a facility operated by or under contract with the department, other than a halfway house, who initiates a visit to a health care provider shall pay a health care services fee to the department in the amount of $100.

(2) The fee imposed under Subdivision (1) covers all visits to a health care provider that the inmate initiates until the first anniversary of the imposition of the fee.

(3) The inmate shall pay the fee out of the inmate's trust fund. If the balance in the fund is insufficient to cover the fee, 50 percent of each deposit to the fund shall be applied toward the balance owed until the total amount owed is paid.

(b) The department shall adopt policies to ensure that before any deductions are made from an inmate's trust fund under this section, the inmate is informed that the health services fee will be deducted from the inmate's trust fund as required by Subsection (a).

(c) The department may not deny an inmate access to health care as a result of the inmate's failure or inability to pay a fee under this section.

(d) The department shall deposit money received under this section in an account in the general revenue fund that may be used only to pay the cost of correctional health care. At the beginning of each fiscal year, the comptroller shall transfer any surplus from the preceding fiscal year to the state treasury to the credit of the general revenue fund.

Plaintiff has failed to show that § 501.063 violates his constitutional rights. *See Merkling v. Scott*, 177 F.3d 977, 1999 WL 195300 (5th Cir., Mar. 16, 1999) (affirming grant of summary judgment against prisoner claiming, *inter alia*, that a co-pay charged to Texas prisoners violated his "Eighth Amendment right to free medical care"); *see also, McClure v. Thaler*, No. 5:11-CV-

180, 2012 WL 2885767 (E.D. Tex. May 31, 2012) (rec. adopted 2012 WL 2885726) (finding § 501.063 does not violated prisoner's constitutional rights). Plaintiff has also not alleged that he was denied medical care because of his inability to pay the $100 co-pay. Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 4th day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).